1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARNELL LEE,                              No.  2:17-cv-2619 CKD P

12                    Plaintiff,

13        v.                                  ORDER

14   F. FIGUEROA, et al.,

15                    Defendants.

16

17        Plaintiff, a California prisoner proceeding pro se, has filed a civil rights action pursuant to

18   42 U.S.C. § 1983.  In his complaint, plaintiff asserts a violation of his civil rights which occurred

19   in Tallahatchie County, Mississippi.   And, while plaintiff identifies the Secretary of the

20   California Department of Corrections and Rehabilitation as a defendant, plaintiff fails to state a

21   claim upon which relief can be granted against him.[1]

22        The federal venue statute provides that a civil action "may be brought in (1) a judicial

23   district in which any defendant resides, if all defendants are residents of the State in which the

24   district is located, (2) a judicial district in which a substantial part of the events or omissions

25   giving rise to the claim occurred, or a substantial part of property that is the subject of the action

26   _____

27   [1]  Section 1983 liability arises only upon a showing of personal participation by the defendant;
     there is no respondeat superior liability under section 1983.  Taylor v. List, 880 F.2d 1040, 1045
28   (9th Cir. 1989).

                                        1

is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Because this court is not a proper venue for plaintiff's claim, and it appears the Northern District of Mississippi is, the action will be transferred to that court.

In light of the foregoing, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Mississippi.

Dated: March 9, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
lee2619.21