**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ARNELL LEE**                                                                                            **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:18-CV-00058-NBB-JMV**

**F. FIGUEROA, WARDEN (TCCF); T. ELROD (COB) (TCCF);
SECRETARY SCOTT KERNAN (CDC&R); DOES 1 THROUGH 5;
CORRECTIONAL CORPORATION OF AMERICA;
SUED IN THEIR INDIVIDUAL, OFFICIAL &
PERSONAL CAPACITIES DEFENDANTS
ANSWER AND AFFIRMATIVE**                                    **DEFENDANTS**

## AGREED PROTECTIVE ORDER

Because discovery in the above-captioned case is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.     Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that: (a) contains trade secrets, competitively sensitive technical, marketing, financial, employee, sales, or other confidential business information; (b) contains private or confidential personal information; (c) contains prison policies, procedures, protocols, post orders, or investigative documents, or contains the identity of prison officials involved in the incident at issue in this litigation (the "Subject Incident" or related, relevant events; or (d) is a document the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT

TO PROTECTIVE ORDER" (hereinafter "Confidential"). For purposes of this Protective Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the Confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

2. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided that they have signed a non-disclosure agreement in the form attached as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating, and data-processing personnel of outside counsel, outside experts, or consultants retained by outside counsel or experts;

   d. The Court and court personnel;

   e. Any deponent, witness, or potential witness, provided that they have signed a non-disclosure agreement in the form attached as Exhibit A; and

   f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, or hearings, including, but not limited to, court reporters, litigation-support personnel, jury consultants (including mock jurors), individuals to prepare demonstrative and audiovisual aids for use in the courtroom or depositions or mock-jury sessions, as well as their staff,

stenographic, and clerical employees whose duties and responsibilities require access to such materials.

Confidential materials shall not be disclosed to Plaintiff Arnell Lee or any other current or former inmate under any circumstances without prior written consent of Defendants' counsel.

Confidential material shall be used only by individuals permitted access to it under Paragraph 2.

Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality consents; or (b) the Court orders such disclosure. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the final deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 2 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 2 above during that period. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 2.

5. If counsel for a party receiving documents or information designated as Confidential objects to such designation, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to the designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to the objection within fourteen (14) days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to Confidential designation of a document or item of information cannot be resolved by agreement, the party seeking to challenge the designation of the subject document or item of information shall file a formal motion seeking appropriate relief. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

6. If a party wishes to file in the court record or introduce into evidence any document designated by another party as Confidential or document containing information designated as Confidential, the filing party must provide written notification to the party who has designated the document or information as Confidential, and that notification is to be provided no later than forty (40) days prior to the desired filing. Within ten (10) days of receiving that notification, the party who designated the document or information as

Confidential must either withdraw the Confidential designation or must file a motion to seal in accordance with Local Rule 79. Nothing in this provision is intended to limit or restrict a party from filing in the court record, introducing into evidence, or moving the Court to seal the party's own Confidential materials. Further, nothing in this provision is intended to limit or restrict a party from utilizing a document in the event the Court denies a motion to seal. Local Rule 79 will apply to the procedure for the sealing of court records.

7. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed, or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Protective Order.

9. When the inadvertent or mistaken disclosure of any information, documents, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or

mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. Nothing in this Protective Order, however, restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after having received notice of the inadvertent or mistaken disclosure.

10. No information that is in the public domain shall be deemed or considered to be Confidential material under this Protective Order.

11. If in any proceeding other than this litigation, a person or entity should subpoena or otherwise request a party to produce Confidential material received from another party or third party, the party receiving the subpoena or request shall promptly notify the producing party in writing. Should the producing party seek relief from the subpoena or request, the party that received the subpoena or request shall not produce the material in question until the matter is resolved by the producing party or unless ordered by the Court, unless compliance is otherwise required as a matter of law.

12. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13. Nothing in this Protective Order is intended, or shall be construed, to prevent any Party or other person from cooperating with any investigation or proceeding conducted by any governmental agency.

14. Nothing in this Protective Order shall prevent a party from any use of its own Confidential materials.

15. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Within ninety (90) days following the final conclusion of this litigation, each party or other individual subject to this Protective Order shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain or constitute work product as well as excerpts, summaries, and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached for archival purposes, subject to the provisions of this Protective Order.

17. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

**SO, ORDERED.**

Dated: April 29    , 2019        /s/ Jane M. Virden_____
                                          UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| **ARNELL LEE** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 3:18-CV-00058-NBB-JMV** |
| **F. FIGUEROA, WARDEN (TCCF); T. ELROD (COB) (TCCF); SECRETARY SCOTT KERNAN (CDC&R); DOES 1 THROUGH 5; CORRECTIONAL CORPORATION OF AMERICA; SUED IN THEIR INDIVIDUAL, OFFICIAL & PERSONAL CAPACITIES DEFENDANTS ANSWER AND AFFIRMATIVE** | **DEFENDANTS** |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is:

   _____

2. My present employer is:

   _____

3. The address of my present employment is:

   _____

4. My present occupation or job description is:

   _____

5. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

7. I will limit use of Confidential material disclosed to me solely for purpose of this action.

8. No later than the final conclusion of the case, I will return all Confidential material, and any summaries, abstracts, and indices that come into my possession, and documents or things that I have prepared relating to Confidential material, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this \_\_\_\_ day of _____, _____.

_____
Name (Print)

_____
Signature